UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

AARON FLORENCE JR., No. 756418,

        Plaintiff,                               Case No. 13-cv-13296

v                                                Honorable Thomas L. Ludington

KENNETH MCKEE,

        Defendant.

_____/

**ORDER STAYING HABEAS PETITION**

Petitioner is serving a life sentence for his St. Clair Circuit Court convictions for first-degree murder, Mich. Comp. Laws § 750.316; two counts of armed robbery, Mich. Comp. Laws § 750.529; and possessing a firearm during the commission of a felony, Mich. Comp. Laws § 750.227(b). The habeas petition claims that: (1) the prosecutor's key witness failed to identify Petitioner in a photographic line-up; (2) the prosecutor presented false testimony; (3) the trial court erroneously allowed a prosecution expert to testify by telephone; (4) the arrest warrant was defective, depriving the court of jurisdiction; (5) trial counsel failed to move for a change of venue due to pre-trial publicity; and (6) appellate counsel was ineffective for failing to raise meritorious claims during Petitioner's direct appeal.

Before the Court may grant habeas relief to a state prisoner, the Petitioner must exhaust remedies available in the state courts. 28 U.S.C. § 2254(b)(1); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). Exhaustion requires a petitioner to "fairly present" federal claims so that state courts have a "fair opportunity" to apply controlling legal principles to the facts bearing upon a petitioner's constitutional claim. *See O'Sullivan*, 526 U.S. at 842; *Picard v. Connor*, 404 U.S.

270, 275-77 (1971); *Anderson v. Harless*, 459 U.S. 4, 6 (1982). To fulfill the exhaustion requirement, a petitioner must have fairly presented his federal claims to all levels of the state appellate system, including the state's highest court. *Duncan v. Henry*, 513 U.S. 364, 365-66; *Wagner v. Smith*, 581 F.3d 410, 414 (6th Cir. 2009); *Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990). "[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan*, 526 U.S. at 845. The district court can and must raise the exhaustion requirement sua sponte when it clearly appears that habeas claims have not been presented to the state courts. *See Prather v. Rees*, 822 F.2d 1418, 1422 (6th Cir. 1987). Petitioner bears the burden of showing exhaustion. *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994).

Petitioner has not exhausted his state court remedies with respect to any of the claims he raises in his petition. On direct appeal, Petitioner raised two claims: First, he challenged the sufficiency of the evidence. Second, he asserted that the trial court erred in failing to provide the jury with a transcript of one witness's testimony. The Michigan Court of Appeals denied relief in an unpublished opinion. *People v. Florence*, No. 296944 (Mich. Ct. App. August 9, 2011). The Michigan Supreme Court thereafter denied leave to appeal. *People v. Florence*, No. 143817 (Mich. Dec. 28, 2011). The Michigan Supreme Court determined the issues raised on direct appeal by consulting the Michigan Court of Appeals website—a source subject to judicial notice. *See United States ex. rel. Dingle v. BioPort Corp.*, 270 F. Supp. 2d 968, 972 (W.D. Mich. 2003).

Following the direct appeal process, Petitioner filed a motion for relief from judgment in the trial court on December 19, 2012. The motion raised the same claims Petitioner raises in the instant habeas petition. In fact, Petitioner appears to have copied his motion for relief from judgment and retitled it as his habeas petition. The state trial court denied the motion for relief by

order dated December 27, 2012, and then denied Petitioner's motion for reconsideration on January 30, 2013. Petitioner has not attempted to appeal the denial of his motion for relief in the state appellate courts. Because Petitioner has not presented his habeas claims to the Michigan Court of Appeals and Michigan Supreme Court, the claims are unexhausted. *See Welch v. Burke*, 49 F. Supp. 2d 992, 998 (E.D. Mich. 1999); *Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990). Petitioner's unexhausted claims should first be addressed to, and considered by, the Michigan state courts.

A federal district court has discretion to stay a habeas petition to allow a petitioner to present unexhausted claims to the state courts and then return to federal court on a perfected petition. *Rhines v. Weber*, 544 U.S. 269, 276 (2005). A stay and abeyance is available only in "limited circumstances" such as when (1) the one-year statute of limitations applicable to federal habeas actions poses a concern; (2) the petitioner demonstrates "good cause" for the failure to exhaust state court remedies before proceeding in federal court; (3) the unexhausted claims are not "plainly meritless"; and (4) the petitioner has not engaged in intentionally dilatory tactics. *Id*. at 277. The United States Supreme Court has even suggested that a habeas petitioner who is concerned that time spent pursuing state post-conviction relief may violate the federal one-year limitations period could file a "protective" petition in federal court and then have the petition be held in abeyance pending the conclusion of the state post-conviction proceedings. *Pace v. DiGuglielmo*, 544 U.S. 408, 416 (2005).

Here, Petitioner's petition for habeas corpus will be stayed.[1] Petitioner wishes to pursue several federal claims that have not been fully exhausted in the state courts. The one-year limitation period applicable to federal habeas actions, 28 U.S.C. § 2244(d)(1), may pose a

---

[1] Although Petitioner has not sought a stay, and although the Court is not obligated to do so, a district court "may grant a stay sua sponte." *Hoskins v. Harry*, 2010 WL 3488642, at *6 n.2 (E.D. Mich. Apr. 12, 2010).

problem if the Court were to dismiss the petition to allow for further exhaustion of state remedies. The one-year deadline, which would be in December 2013, is quickly approaching. An outright dismissal of Petitioner's habeas petition, even without prejudice, might result in precluding the Court from considering Petitioner's claims due to the expiration the statute of limitations. Furthermore, Petitioner's unexhausted claims do not appear to be plainly meritless and there is no evidence of intentional delay. Therefore, the Court finds that a stay of the proceedings, rather than a dismissal without prejudice, is appropriate.

Even where a district court determines that a stay is appropriate pending exhaustion of state-court remedies, the district court "should place reasonable time limits on a petitioner's trip to state court and back." *Rhines*, 544 U.S. at 278. This stay is conditioned upon Petitioner initiating his state post-conviction remedies within sixty days of the issuance of this Order, if he has not already done so, and returning to federal court within sixty days of completing the exhaustion of his state post-conviction remedies.

Accordingly, it is **ORDERED** that proceedings in this case are **STAYED** pending exhaustion of state-court remedies. The case shall be stayed provided that (1) Petitioner presents his unexhausted claims to the state court within sixty (60) days of this Order, and (2) he returns to this Court to request that the stay be lifted within sixty (60) days of exhausting state-court remedies. At that time, Petitioner may file an amended habeas petition that contains his exhausted claims.

It is further **ORDERED** that the case be **CLOSED** for administrative purposes.

                                                s/Thomas L. Ludington
                                                THOMAS L. LUDINGTON
                                                United States District Judge

Dated: September 24, 2013

- 5 -

### PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon Aaron Florence #756418 at Baraga Maximum Correctional Facility, 13924 Wadaga Road, Baraga, MI 49908 by first class U.S. mail on September 24, 2013.

s/Tracy A. Jacobs
TRACY A. JACOBS